IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO ECHEVARRIA-SOTO,

**Petitioner,**

**v.**                                    **Misc. No.** 14-362 (FAB)

EDWARDS LIFESCIENCES TECHNOLOGY
SARL, LLC,

**Respondent.**

MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is respondent Edwards Lifesciences Technology Sarl, LLC ("Edwards")'s motion to reconsider the Court's order granting petitioner permission to take a deposition pursuant to Federal Rule of Civil Procedure 27(a)(1) ("Rule 27(a)") and to quash the Rule 27 petition. (Docket No. 3.) For the reasons discussed below, the Court **DENIES** respondent's motion to reconsider and to quash.

I. **Background**

On September 25, 2014, petitioner Roberto Echevarria-Soto moved the Court for permission to take an oral deposition regarding an anticipated suit pursuant to Rule 27. (Docket No. 1.) In short, petitioner indicated that once he received a right to sue letter from the Department of Labor, he intended to initiate a civil action against respondent Edwards alleging employment discrimination based on age. Id. at p. 2. Alberto Cortes — a

significantly younger employee who petitioner contends respondent hired to replace him — is a material witness to petitioner's intended cause of action.  <u>Id.</u> at p. 3.  Because Cortes is in the military and was scheduled to deploy to Iraq in mid-October 2014, petitioner sought to secure his testimony before Cortes became unavailable.  <u>Id.</u>  The Court granted petitioner's request on October 3, 2014.  (Docket No. 2.)

Respondent moved to reconsider the Court's order and to quash the Rule 27 petition on October 22, 2014.[1]  (Docket No. 3.)

## II.  Discussion

Respondent argues (1) that all efforts to depose Cortes are moot, and (2) that Edwards does not have a legal duty to produce Cortes as a witness because Cortes was placed on military training leave at a classified location beginning in October 2014.  (Docket No. 3 at pp. 2-3.)  The Court addresses each argument in turn.

### A.  Mootness

Rule 27 requires that a petition to perpetuate testimony show "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought."  Fed. R. Civ. P. 27(a)(1)(A). Petitioner originally indicated that he could not bring suit because he had not yet received a right to sue letter from the

---

[1]Respondent contends that it did not receive the Notice of Deposition and copy of petitioner's Rule 27 petition until October 16, 2014. <u>Id.</u> at p. 2.

Department of Labor.   (Docket No. 1 at p. 2.)   Edwards now contends, however, that the Department of Labor issued a right to sue letter on October 1, 2014.  (Docket No. 3 at p. 3.)  Because it is no longer true that petitioner "cannot presently bring" suit, Edwards urges, this case no longer falls under the auspices of Rule 27.  Id.

Because the petition satisfied Rule 27's requirements at the time it was filed, the Court sees no reasons to reconsider its prior order or to quash the petition at this time.

The Court is also unpersuaded by Edwards's alternative argument that Cortes's testimony is not necessary to a potential age discrimination claim. Cortes's testimony may reveal information relevant to pretext.  Pursuant to the burden-shifting framework applied to employment discrimination cases, "[a] plaintiff must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Velez v. Thermo King de P.R., Inc., 585 F.3d 441, 447-48 (1st Cir. 2009) (internal quotation marks and citation omitted).  By either refuting or affirming Edwards's offered legitimate reasons for terminating petitioner, Cortes's testimony may be essential to an element of petitioner's claim.  Petitioner has demonstrated a need for Cortes's testimony "that cannot easily be accommodated by other

potential witnesses." <u>Penn Mut. Life Ins. Co. v. United States</u>, 68 F.3d 1371, 1375 (D.C. Cir. 1995).

Rule 27 applies to "situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." <u>Petition of Ferkauf</u>, 3 F.R.D. 89, 91 (S.D.N.Y. 1943). Because the Court remains "satisfied that perpetuating [Cortes's] testimony may prevent a failure or delay of justice," Fed. R. Civ. P. 27(a)(3), the Court **DENIES** respondent's motion.

### B. Edwards Cannot Produce Cortes

Next, Edwards protests that it cannot produce the witness, Cortes. (Docket No. 3 at p. 5.) Edwards represents that in July of 2014, Edwards received a "Letter of Selected Deployment Position," indicating that Cortes had been tasked for deployment. <u>Id.</u> Edwards subsequently placed Cortes on leave for military training/duty beginning in October of 2014. <u>Id.</u> Edwards contends that it cannot be compelled to produce a witness over whom it has no control, and petitioner has not produced any legal authority indicating the contrary. <u>Id.</u> Edwards similarly has not produced legal authority indicating that its duty to produce its employee has been discharged. Noticeably, neither party has indicated Cortes's deployment date, or whether his leave began before or after the Court's prior order. In the absence of any facts or

legal authority indicating that Edwards cannot produce Cortes for a deposition, the Court declines to reconsider its earlier order. Should Edwards provide the Court with unclassified deployment documents or orders, however, the Court may, at that time, reach a different conclusion.

## III. Conclusion

For the reasons articulated above, the Court **DENIES WITHOUT PREJUDICE** respondent's motion.  (Docket No. 3.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 7, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE